UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS MICHAEL O'ROURKE AND O'ROURKE HOLDINGS, LLC'S MOTION TO DISMISS (DKT. 3); PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (DKT. 17) **(JS-6)**

**I.     Introduction**

Amber Coyle and Jasmin Dustin ("Plaintiffs") are professional models and citizens of California. Compl., Dkt. 1-1, ¶¶ 1-2. Michael O'Rourke and his company, O'Rourke Holdings, LLC ("Defendants"), are also citizens of California. *Id.* ¶¶ 5-9.[1] In January 2012, Defendants paid Plaintiffs to participate in a photo and video shoot for Rock Your Hair, their trademarked line of hair care and related products and services. *Id.* ¶¶ 14, 24. Plaintiffs allege that they entered into oral and written agreements ("Agreements") with Defendants governing the use of the resulting photographs and videos. *Id.* ¶¶ 15-17.

On June 30, 2014, Plaintiffs filed the Complaint in this action in the Los Angeles Superior Court. Dkt. 1-1 at 19, 25. Plaintiffs claim that Defendants have used their images from the photographs and videos for purposes not contemplated by the Agreements. The Complaint advances two causes of action: (i) invasion of privacy in violation of Cal. Civ. Code § 3344; and (ii) misappropriation of likeness in violation of California common law. *Id.* ¶¶ 21-38. On September 11, 2014, Defendants removed the action. Dkt. 1. As the basis for federal jurisdiction, Defendants claimed that Plaintiffs' state law claims were preempted by federal copyright law. *Id.* On the same day as the removal, Defendants moved to dismiss the Complaint ("Defendants' Motion"), again on the basis of federal preemption. Dkt. 3. Plaintiffs filed an Opposition on October 14, 2014 ("Plaintiffs' Opposition" (Dkt. 18)), and Defendants filed a Reply on October 31, 2014 ("Defendants' Reply" (Dkt. 27)).

On October 1, 2014, the Court issued an order to show cause regarding subject matter jurisdiction. Dkt. 16. Because the defense of federal preemption does not create federal question jurisdiction unless

---

[1] "Rock Your Hair" is also named as a defendant, which is of "business form unknown." Dkt. 1-1 at 25. Nicole O'Rourke, the chief executive officer of O'Rourke Holdings and the spouse of Michael O'Rourke, has declared that "Rock Your Hair is not a separate legal entity. Rather, it is a brand name and O'Rourke Holdings, LLC sells hair care products under the Rock Your Hair Marks." Dkt. 28, Ex. A, ¶ 5.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

there is "complete preemption," *see infra*, and because no other jurisdictional basis was asserted, the Parties were directed to submit memoranda presenting their respective positions as to whether Plaintiffs' causes of action were completely preempted. Each party filed a responsive memorandum on October 16, 2014. Dkts. 21, 22.

On October 14, 2014, Plaintiffs moved to remand the action to Los Angeles Superior Court ("Plaintiffs' Motion"). Dkt. 17. Plaintiffs also requested an award of $10,000 in attorneys' fees and costs incurred as the result of Defendants' removal. *Id.* at 18. Defendants filed an Opposition on November 3, 2014 ("Defendants' Opposition" (Dkt. 28)), and Plaintiffs filed a Reply on November 13, 2014 ("Plaintiffs' Reply" (Dkt. 29)).

A hearing on the Motions was conducted on December 8, 2014, and the matter was taken under submission. Dkt. 42. For the reasons stated in this Order, Defendants' Motion is DENIED, as this Court is without jurisdiction to hear it. Plaintiffs' Motion is GRANTED. Plaintiffs' request for attorney's fees is DENIED. This action is REMANDED to the Los Angeles Superior Court at its Santa Monica Courthouse.

**II.    Factual Background**

Plaintiffs allege that in January 2012, Plaintiffs, through their agent Sirena Models, entered into an Agreement with Defendants, through their agent Lauren Austin, to "work a photo shoot and a behind-the-scenes video shoot for Rock Your Hair." Compl., Dkt. 1-1, ¶ 14. This Agreement gave Defendants permission to use Plaintiffs' photographic images on "(a) ROCK YOUR HAIR's website, (b) ROCK YOUR HAIR's banners at tradeshows, and (c) ROCK YOUR HAIR's brochures." *Id.* ¶ 15.

Plaintiffs contend that "Ms. Austin, on behalf of ROCK YOUR HAIR, indicated the Plaintiffs' images would only be used for a period of 6 months, as ROCK YOUR HAIR planned to shoot additional images." *Id.* Plaintiffs also entered into an Agreement pursuant to which they granted Defendants permission to use video footage of Plaintiffs for a period not to exceed two years. *Id.* ¶ 16. Plaintiffs contend that this footage could only be displayed on "YouTube (www.youtube.com) and ROCK YOUR HAIR's Facebook page." *Id.* Plaintiffs entered a written Agreement with Defendants pursuant to which each would receive $350 in exchange for her participation in the eight-hour photo shoot and her permission to use the images as described. *Id.* ¶ 17. A copy of this Agreement is attached to Plaintiffs' Complaint. Dkt. 1-1, Ex. B.

Plaintiffs claim that in August 2012, Coyle discovered that Defendants had used her image, without her authorization, in a campaign by the coupon website called Groupon. *Id.* ¶ 18. When Sirena Models raised this issue with Defendants, they "summarily dismissed the concern and suggested the use Plaintiff COYLE for a bigger marketing campaign and inquired as to her availability." *Id.* Plaintiffs attached a copy of this email correspondence to their Complaint. Dkt. 1-1, Ex. A. Plaintiffs contend that they later discovered that, without their permission, Defendants used their images and likenesses in other media and manners not authorized under the Agreements. Dkt. 1-1, ¶¶ 19-20. Thus, they allege that Defendants "us[ed] their images and likeness on DEFENDANTS' product packaging, point of sale displays, magazine articles, e-commerce stores, electronic worldwide advertising and marketing campaigns, social media websites, and websites of DEFENDANTS' affiliates." *Id.* ¶ 19. Plaintiffs claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

these uses were "for the purpose of advertising or soliciting sales of DEFENDANTS' products and services and in particular their hair care products." *Id.* ¶ 24.

Plaintiffs contend that "[i]n the images used by DEFENDANTS, the PLAINTIFFS are readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the persons depicted are the PLAINTIFFS. The PLAINTIFFS' faces and bodies are shown in each use, and they are clearly lighted and readily distinguishable." *Id.* ¶ 23. In addition, Plaintiffs contend that the use was such that an objective observer would have believed that Plaintiffs had consented to the advertisements. *Id.* ¶¶ 32, 36. They also allege that they have received no additional compensation for these uses of their images. *Id.*

### III.    Analysis

#### A.    Legal Standard

##### 1.    Removal

Federal courts have limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If at any time before final judgment the court determines that it is without subject matter jurisdiction, a removed action shall be remanded to the state court in which it was originally filed. 28 U.S.C. § 1447(c).

Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, federal courts have exclusive jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a). Under the "'well-pleaded complaint rule,' federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). "Although federal preemption is ordinarily a defense, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Id.* at 476.

The party removing an action bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court," because "it is well established that the plaintiff is master of her complaint and can plead to avoid federal jurisdiction." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

##### 2.    Dismissal Under Rule 12(b)(6)

To withstand a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

Although a complaint need not present detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678-79. Dismissal of a claim is warranted where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Id.*

    **B.**    **Application**

        1.    <u>Plaintiffs' Motion to Remand</u>

            a)    Relief Sought by the Complaint

The Complaint contains two causes of action arising under California law -- statutory invasion of privacy in violation of Cal. Civ. Code § 3344, and common law misappropriation of likeness. Compl., Dkt. 1-1, ¶¶ 21-38. The Ninth Circuit has explained the bases for, and distinctions between, these causes of action:

> California has long recognized a common law right of privacy for protection of a person's name and likeness against appropriation by others for their advantage. See *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 416, 198 Cal. Rptr. 342 (1983). To sustain a common law cause of action for commercial misappropriation, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id.* at 417, 198 Cal. Rptr. 342.
>
> In addition to the common law cause of action, California has provided a statutory remedy for commercial misappropriation under California Civil Code § 3344. The remedies provided for under California Civil Code § 3344 complement the common law cause of action; they do not replace or codify the common law. See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691–92 (9th Cir.1998). Section 3344 provides in relevant part, "any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner ... for purposes of advertising ... without such person's prior consent ... shall be liable for any damages sustained by the person." Cal. Civ. Code § 3344(a). Under section 3344, a plaintiff must prove all the elements of the common law cause of action. In addition, the plaintiff must allege a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose. See Eastwood, 149 Cal. App. 3d at 417, 198 Cal. Rptr. 342.

*Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).

Plaintiffs allege that their statutory and common law rights were violated by Defendants' unauthorized

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

uses of their images and likenesses in contexts and media not contemplated by the Agreements. Plaintiffs assert that when Defendants used their likenesses in "product packaging, point of sale displays, magazine articles, e-commerce stores, electronic worldwide advertising and marketing campaigns, social media websites, and websites of DEFENDANTS' affiliates . . . any person seeing the photographs with the naked eye [could] reasonably determine that the persons depicted are the PLAINTIFFS." Compl., Dkt. 1-1, ¶¶ 22-23. Plaintiffs claim these actions injured "their right to control the commercial exploitation of their images and likeness." *Id.* ¶ 27. In addition, they claim that "[b]y using their images and likeness on advertisements and without their consent, DEFENDANTS have diluted the value of the PLAINTIFFS' likeness and images such that other companies may not have hired them because of a mistaken belief that they were promoting DEFENDANTS and its [sic] services or products." *Id.* ¶ 37.

b) Defendants' Bases for Removal

Defendants do not contest Plaintiffs' allegations that Plaintiffs and Defendants are all citizens of California. *See* Compl., Dkt. 1-1, ¶¶ 1-2, 4-5. Thus, they do not claim that there is diversity jurisdiction over this action. *See* 28 U.S.C. § 1332. Defendants assert that that there is federal question jurisdiction pursuant to 17 U.S.C. § 301. Dkt. 1, ¶¶ 5-6. This Section provides in relevant part:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

28 U.S.C. § 301(a).

Defendants contend that they own valid copyrights in the photographs taken during the photo shoot. Defs.' Opp'n, Dkt. 28 at 6. Further, they assert that the injuries alleged by Plaintiffs consist of the unauthorized reproduction and dissemination of these copyrighted photographs. *Id.* at 18-21. Thus, Defendants claim that, despite the labeling of Plaintiffs' claims as state law causes of action, the Complaint presents what is in effect a copyright dispute. They then argue that, because Plaintiffs' state law claims are preempted by federal copyright law, they must be dismissed. *Id.* The Complaint does not allege that Defendants own any copyrights in the photographs or video footage; indeed, it makes no reference to the term "copyright." Nonetheless, Defendants argue that their copyright ownership can be inferred from both the allegations in the Complaint that Plaintiffs participated in the photo shoot organized by Defendants, and from the waiver attached to the Complaint as an exhibit. *Id.* at 9; Compl., Dkt. 1-1 & Ex. B. They also provide the Declaration of Nicole O'Rourke, the chief executive officer of O'Rourke Holdings and the spouse of Michael O'Rourke, that "O'Rourke owns the copyrights to the video and photographs created at the Models' shoot and has a right to use those works." Dkt. 28, Ex. A, ¶ 22. Defendants have not proffered either copies of the copyright notices or similar "sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2) (describing judicially noticeable facts).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

        c)        Complete Versus Defensive Preemption

Because federal preemption is an affirmative defense, it does not provide a basis for removal jurisdiction unless there is what is deemed "complete preemption."  That term applies when "Congress [has] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "Complete preemption (a jurisdictional issue) converts a well-pleaded state law claim into an inherently federal claim for jurisdictional purposes; defensive preemption (a substantive issue) does not enable removal." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 n.8 (9th Cir. 2007). Thus, the narrow inquiry presented by Plaintiffs' Motion is whether the state law claims alleged in the Complaint are inherently federal. Even if the claims are not completely preempted under this standard, thereby precluding federal jurisdiction, Defendants may still seek to present a federal preemption defense in the Superior Court. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669-70 (9th Cir. 1993) ("The jurisdictional issue of whether complete preemption exists . . . is very different from the substantive inquiry of whether a "preemption defense" may be established. . . . [Federal courts] have confidence in the ability and willingness of state courts to enforce federal defenses.").

Complete preemption arises only in "extraordinary" situations. "[B]ecause complete preemption is rare, [m]any federal statutes—far more than support complete preemption—will support a defendant's argument that because federal law preempts state law, the defendant cannot be held liable under state law." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014) (citation omitted).[2] The Supreme Court "has identified only three federal statutes that satisfy this test: (1) Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003); *see also Jensen v. Virgin Atl.*, 2013 WL 1207962, at *3 (N.D. Cal. Mar. 25, 2013) (as of 2013, this list had not changed). Other courts have found that complete preemption applies under other statutes. *See* 15-103 Moore's Fed. Practice - Civil § 103.45[3][a] (collecting district and circuit court cases finding complete preemption of certain claims under federal statutes including the Railway Labor Act, the 1978 Airline Deregulation Act, the Federal Crop Insurance Act, the Federal Communications Act, and the Carmack Amendment to the Interstate Commerce Act).

The Ninth Circuit has not addressed whether the Copyright Act effects complete preemption. Other Circuit Courts have held that it may. *See, e.g.*, *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012); *Ritchie v. Williams*, 395 F.3d 283, 285 (6th Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304-06 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232-33 (4th Cir. 1993). Several district courts have held that the Copyright Act may completely preempt certain claims under California law. *See, e.g.*, *NTD Architects v. Baker*, 2012 WL 2498868, at *8 (S.D.

---

[2] It is "well-established" that there are three forms of defensive preemption: "express preemption, field preemption, and conflict preemption." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

Cal. June 27, 2012) (conversion claim related to architectural designs completely preempted); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822 (C.D. Cal. 1997) (complete preemption of breach of implied contract, intentional interference with prospective economic advantage, and conversion claims related to alleged theft of ideas in screenplay); *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (complete preemption of conversion and negligence claims related to alleged theft of ideas in television script).

Other district courts have recognized that claims arising under California law could be completely preempted by the Copyright Act under certain circumstances, but declined to find that it applied under the circumstances presented. *E.g.*, *Muirbrook v. Skechers USA Inc.*, 2012 WL 5456402, at *3 (C.D. Cal. Nov. 6, 2012) (common law and statutory privacy and publicity rights claims of a model related to allegedly unauthorized use of photographs not completely preempted); *see also Singh v. Nanayakkara*, 2014 WL 842774, at *4 (C.D. Cal. Mar. 4, 2014) (conversion and fraudulent transfer claims related to jewelry design not completely preempted); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1092 (C.D. Cal. 2005) (conversion claim related to alleged theft by former employee not completely preempted when it was unclear from the face of the complaint that this theft included ideas and designs for toys), *aff'd on other grounds*, 446 F.3d 1011 (9th Cir. 2006).

While recognizing that complete and defensive preemption are distinct doctrines, these courts have looked to the two-part test applied by the Ninth Circuit for defensive preemption of copyright claims for guidance as to whether a particular claim is completely preempted for jurisdictional purposes. Those steps are: first, the court must examine whether the subject matter of the state law claim falls within the subject matter of copyright; second, if it does, the court must examine whether the rights asserted under state law are equivalent those protected by federal copyright law. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006) (interpreting 17 U.S.C. § 301).

        d)        Application to Plaintiffs' Claims

            (1)        Positions of the Parties

The first step in determining whether a claim is defensively preempted – which, as stated, is relevant to the complete preemption inquiry – is to determine whether the "subject matter of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Id.* at 1137. Section 102 of the Copyright Act affords copyright protection to "original works of authorship fixed in any tangible medium of expression," and provides that works of authorship "include the following categories": literary works, musical works, dramatic works, pantomimes and choreographic works, pictorial, graphic, and sculptural works, motion pictures and audiovisual works, sound recordings, and architectural works. 17 U.S.C. § 102. Section 103 provides that "the subject matter of copyright as specified by section 102 includes compilations and derivative works." 17 U.S.C. § 103(a).

Defendants contend that the subject matter of the Complaint consists of materials for which copyright protection can be obtained. Opp'n, Dkt. 28 at 16. Thus, they argue that Plaintiffs' alleged injury arises from "performances . . . fully captured in fixed tangible mediums – photographs and video," and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

"Plaintiffs' claims are based entirely on the alleged unauthorized reproduction of a visual performance contained within a copyrightable medium." *Id.*[3]

Plaintiffs respond that their state law claims do not concern subject matter that may be protected under federal copyright law. Instead, they contend that their claims arise from their *personae*, or names and likenesses, which are not copyrightable works of authorship. Mot., Dkt. 17 at 14-15. Plaintiffs argue that they "have not asserted copyright rights in their complaint," and "[t]here is no preemption based on the simple fact that Plaintiffs' images appear in photographs as to which someone might theoretically claim a copyright." *Id.* at 15.

(2) The Available Legal Standards

The Ninth Circuit and California Courts of Appeal have examined whether California statutory and common law privacy and publicity rights claims fall within the subject matter of federal copyright. These decisions have held that only some of these claims do so. Plaintiffs and Defendants each argue that these decisions support their respective positions. The relevant cases are *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010); *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134 (9th Cir. 2006); *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001); *Timed Out, LLC v. Youabian, Inc.*, 229 Cal. App. 4th 1001 (2014); *KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362 (2000); and *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911 (1996). These cases are discussed in this sequence.[4]

In *Jules Jordan*, an adult film performer sued a video company for distributing counterfeit copies of DVDs containing films he produced and directed, in which he performed, and to which he owned the copyrights. 617 F.3d at 1150. At trial, the performer prevailed on claims including misappropriation of publicity under Cal. Civ. Code § 3344. *Id.* at 1152. On appeal, the Ninth Circuit held that the performer's § 3344 claims were preempted, and rejected his argument that the defendants' distribution of the films "misappropriated his name and 'persona,' in addition to his 'dramatic performance.'" *Id.* at 1152. The decision noted that "throughout the litigation," including in the Complaint, "[the performer] has claimed that the factual basis of his right to publicity claim was the unauthorized reproduction of his performance on the DVDs." *Id.* at 1153-54. Because "the entirety of the allegedly misappropriated performance [was] contained within a copyrighted medium," the Ninth Circuit concluded that the § 3344 claims concerned the subject matter of copyright. *Id.* at 1153 (citing *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1141 (9th Cir. 2006)).

---

[3] Photographs are protected under the Copyright Act as pictorial works of authorship. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

[4] The decisions of the California Courts of Appeal are not binding authority on this Court with regard to issues of federal copyright law and preemption. However, these decisions are instructive and significant with respect to their consideration of the causes of action under California law, because a federal court, when presented with questions of state law, is to "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance," and "where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *In re Bartoni-Corsi Produce, Inc.*, 130 F.3d 857, 861 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

In *Laws*, a music publishing company used a sample from a 1981 recording by the plaintiff, who was a singer, in a 2002 hit song without her permission to do so. 448 F.3d at 1136. The singer sued the company for invasion of privacy under California common law, and for misappropriation of publicity under Cal. Civ. Code § 3344. *Id.* The district court granted summary judgment on the ground of federal preemption, and the Ninth Circuit affirmed. *Id.* Citing its prior decisions, the Ninth Circuit explained that federal law defines a "work of authorship" to include "sound recordings," that the copyright encompassed the singer's vocal performance, and that "the fact that the vocal performance was copyrighted demonstrates that what is put forth here as protectable is *not* 'more personal than any work of authorship.'" *Id.* at 1140-41.

In *Downing*, a clothing company placed a photograph of surfers in its catalog without their permission, and created and sold t-shirts exactly like those worn by the surfers in the photograph. 265 F.3d at 1000. The surfers claimed invasion of privacy under California common law and misappropriation under Cal. Civ. Code § 3344. *Id.* Reversing summary judgment for the defendant, the Ninth Circuit held:

> The subject matter of Appellants['] statutory and common law right of publicity claims is their names and likenesses. A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102. This is true notwithstanding the fact that Appellants['] name and likenesses are embodied in a copyrightable photograph.

*Id.* at 1004 (citation omitted).

In *Timed Out*, the assignee of the publicity rights of two models brought California common law invasion of privacy and § 3344 claims against a cosmetic medical company for allegedly using their images in advertisements without their consent. 229 Cal. App. 4th 1001, 1004. The Court of Appeal reversed the judgment on the pleadings granted in favor of defendants. *Id.* at 1013. It held that the plaintiff's claims were not preempted, because "it is not the publication of the photographs themselves that is the basis for Plaintiff's claims. Rather, it is Defendants' use of the Models' likenesses pictured in the photographs to promote Defendants' business that constitutes the alleged misappropriation." The Court noted that "there is no allegation that Defendants hold the copyright to the subject photographs." *Id.* at 1013 n.8.

In *KNB*, the copyright owner of erotic photographs of non-celebrity models, which was also the assignee of the models' right of publicity, brought a § 3344 action against an individual who distributed these photographs online. 78 Cal. App. 4th 362, 364-65. The Court of Appeal reversed summary judgment granted in favor of the defendant, and found that "the subjects of the claim are the models' likenesses, which are not copyrightable even though 'embodied in a copyrightable work such as a photograph.'" *Id.* at 374. The *KNB* Court placed weight on the fact that the alleged distributor of the photographs did not own a valid copyright in them. *Id.*

Finally, in *Fleet*, the producers of a film did not fully compensate the actors who performed, and sold the copyright in the film to a third party. 50 Cal. App. 4th 1911, 1915. The actors brought a § 3344 action against the third party. Although the actors conceded that the third party owned the copyright, they argued that their images were used without their consent. *Id.* at 1915-16. The Superior Court

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

granted summary judgment in favor of Defendant, and the Court of Appeal affirmed. *Id.* at 1925. It explained, "once appellants' performances were put on film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be 'perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device. . . .' At that point, the performances came within the scope or subject matter of copyright law protection. *Id.* at 1919-20.

Reviewed collectively, *Jules Jordan*, *Laws*, and *Fleet* held that the state law privacy and misappropriation claims were preempted by federal copyright law, based, in part, on the determination that the subject matter asserted by the plaintiffs was within the ambit of copyright. *Downing*, *Timed Out*, and *KNB* held that the claims were not preempted, and that the subject matter asserted, image or likeness, was not equivalent to that protected by Sections 102 and 103 of the Copyright Act.

Defendants argue that this case is analogous to *Jules Jordan*, *Laws*, and *Fleet*, and Plaintiffs argue that it is analogous to *Downing*, *Timed Out*, and *KNB. See also No Doubt v. Activision Publ'g, Inc.*, 702 F. Supp. 2d 1139, 1144 (C.D. Cal. 2010) ("*Laws* and *Fleet* stand for the following proposition: federal law preempts state-law right of publicity claims where the claims are based on the claimant's copyrightable activities that are captured in a copyrighted work. . . . In contrast, where the plaintiff's claims are based on a non-copyrightable personal attribute rather than a copyrightable performance, the Copyright Act does not preempt the claims.").

Defendants claim that the former three cases control because "as in both *Laws* and *Jules Jordan Video, Inc.*, Plaintiffs' claims are based entirely on the alleged unauthorized reproduction of a visual performance contained within a copyrightable medium." Opp'n, Dkt. 28 at 16. Defendants argue that *Downing* and *KNB* are distinguishable because in those cases, the plaintiffs did not consent to the distribution of their photographs, but Plaintiffs did so here through the Agreements. *Id.* at 18-19. Plaintiffs argue that removal was improper because the Complaint does not address copyright issues, and the subject matter asserted relates to their *personae*, which are not "writing[s]" of an "author" within the meaning of the Copyright Clause of the Constitution, and so are not "works of authorship" under the Copyright Act. Mot., Dkt. 17 at 12-17 (citing *Timed Out, LLC v. Youabian, Inc.*, 229 Cal. App. 4th 1001, 1013 (2014) (citing 1 Nimmer on Copyright § 1.01[B][1][c])).

(3) Application

As noted, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal courts typically may only look to the plaintiff's complaint to determine federal question jurisdiction. However, when a defendant asserts that a claim is completely preempted, examination of extra-pleading material is permitted." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1035 (9th Cir. 2014) (citation omitted).[5] Even if Defendants' claims as to their copyright ownership, which are not presented in the Complaint, are considered, Defendants have not carried their burden to

---

[5] It is unclear whether the second sentence in this quote is holding or dictum. In the following paragraph, the Ninth Circuit stated, "[i]n any event, the supposed error [of considering extra-pleading material] was harmless." 761 F.3d at 1035.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

show that removal was proper.[6]

The Complaint alleges an injury to Plaintiffs' rights in their images and likenesses; it does not use the word "copyright." A person's likeness "is not a work of authorship within the meaning of 17 U.S.C. § 102," even if it is "embodied in a copyrightable photograph." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001). *Jules Jordan*, *Laws*, and *Fleet* are distinguishable because they concerned, respectively, a dramatic performance, a sound recording, and a dramatic performance, all of which are "works of authorship" under 17 U.S.C. § 102. Defendants argue that Plaintiffs are analogous to actors and that their work at the photo shoot should be treated like dramatic performances. Dkt. 28 at 15-16. Although the Complaint does mention that a video shoot took place, the allegations do not require the conclusion that Plaintiffs, who claim that they are models and not actresses or other performers, have engaged in artful pleading to conceal that the photographs and video related to a dramatic performance. That is something that has been described as "a story—a thread of consecutively related events—either narrated or presented by dialogue or action or both." 1 Nimmer on Copyright § 2.06[A] (quoting *Seltzer v. Sunbrock*, 22 F. Supp. 621 (S.D. Cal. 1938)).[7] Thus, the facial subject matter of the Complaint is *personae*, which are not copyrightable, rather than dramatic performances, which are.

At the hearing on the Motion, Defendants claimed that Plaintiffs performed at the direction of the photographer at the photo shoot. Dkt. 42. Defendants argued by analogy to *Jules Jordan* and *Laws* that, because the copyrighted pictorial works produced were the result of the creative choices of the photographer, Section 301 of the Copyright Act bars Plaintiffs' rights to bring state law claims based on their images as they appeared in these works. *Id.* As noted, this argument lacks force because dramatic works and sound recordings are "works of authorship" under § 102, and *personae* are not. However, there is some authority for the proposition that the Copyright Act preempts right-of-publicity claims based on the expressive exploitation of an image or persona in a copyrighted work, and does not preempt these claims when they arise from commercial exploitation. *See* 1 Nimmer on Copyright § 1.01[B][3][b][iv][I] (summarizing cases); *see also Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1030 (3d Cir. 2008) (citing this framework with approval).

---

[6] Defendants do not present federal copyright registrations or other judicially noticeable support for their claim of copyright ownership. Instead, they rely solely on the declaration of Nicole O'Rourke, in which she states that "O'Rourke owns the copyrights to the video and photographs created at the Models' shoot and has a right to use those works." Dkt. 3, Ex. A, ¶ 22. In addition, they provide registration numbers for what they claim are the copyrights at issue. Dkt. 12. It is assumed for purposes of this Motion that this evidence, whose admissibility has not been shown: (i) may be considered in connection with removal under *Hawaii ex rel. Louie*; and (ii) establishes both Defendants' ownership of the copyrights and that the copyrighted photographs containing the images and likenesses of Plaintiffs are those described in the Complaint. *Cf. Milton H. Greene Archives, Inc. v. BPI Commc'ns, Inc.*, 378 F. Supp. 2d 1189, 1196 (C.D. Cal. 2005) (holding that "the best evidence of a copyright notice on a document is the document containing the copyright notice," and refusing to admit declaration concerning copyright compliance of photographs on this ground) (construing 17 U.S.C. § 410).

[7] Although *Seltzer* interpreted the meaning of dramatic works under the 1909 Copyright Act, Congress indicated that the term was to have the same meaning under the 1976 Act which applies here. 1 Nimmer on Copyright § 2.06[A].

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

Again, assuming, without deciding, that these standards apply, Defendants have not carried their burden to show, for purposes of this Motion, that such an expressive use took place.  When "considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes factual ambiguities in favor of the plaintiff." *Aleksick v. 7-Eleven, Inc.*, 2008 WL 821854, at *2 (S.D. Cal. Mar. 25, 2008) (citations omitted). To the extent *Hawaii ex rel. Louie* gives Defendants a greater ability to introduce material outside the pleadings in connection with the removal of action based on a claim of complete preemption, the material they do introduce -- the declaration of Nicole O'Rourke, an email from a Rock Your Hair representative to Sirena Models, and a signed copy of Coyle's payment voucher and model release -- does not provide a factual basis for Defendant's assertions about the nature of the photographs and the photo shoot.  Thus, for purposes of this Motion, Plaintiffs' unrebutted factual allegations must be taken as true.

The Complaint does not describe in detail what occurred at the photo shoot, nor can this be inferred from the emails presented by the Parties, the payment voucher and release, or the number of hours the models worked on the day of the shoot. Plaintiffs make certain other allegations concerning Defendants' exploitation of the photographs and the effect they would have when observed by members of the public. Thus, they allege that "any person seeing the photographs with the naked eye can reasonably determine that the persons depicted are the PLAINTIFFS"; the Plaintiffs' "faces and bodies are shown in each use, and they are clearly lighted and readily distinguishable"; and "[b]y using their images and likeness on advertisements and without their consent, DEFENDANTS have diluted the value of the PLAINTIFFS' likeness and images such that other companies may not have hired them because of a mistaken belief that they were promoting DEFENDANTS and its [sic] services or products." Compl., Dkt. 1-1, ¶¶ 23, 37. Viewed in the light most favorable to Plaintiffs, these allegations support the claim that Defendants engaged in commercial rather than expressive use of the photographs, and that the value of this use came from the exploitation of Plaintiffs' non-copyrightable *personae* rather than any creative or expressive contributions of the photographer.[8]

Defendants have failed to show that the subject matter of the Complaint, which on its face describes the misuse of Plaintiffs' images and likenesses, is copyrightable subject matter within the scope of 17 U.S.C. §§ 102 and 103.[9]  Thus, the two-step preemption inquiry of *Laws* cannot be met, and it is not

---

[8] Defendants also fail to show that Plaintiffs' claims with respect to the video footage necessarily concern the subject matter of copyright. Although *Jules Jordan* and *Fleet* each found federal preemption where dramatic performances were captured on film, that does not mean that all appearances on film are dramatic performances that categorically preempt right of publicity claims. *See, e.g.*, *Seifer v. PHE, Inc.*, 196 F. Supp. 2d 622, 628 (S.D. Ohio 2002) (refusing to find preemption of misappropriation of name and likeness claim under Ohio law where sex therapist alleged defendants had used video footage containing her name and likeness on promotional materials alongside sexually explicit videos).

[9] It is significant that the preemption rulings of *Jules Jordan*, *Laws* and *Fleet* were made following trial, summary judgment, and summary judgment, respectively, when the courts were able to assess a complete factual record. Thus, in *Jules Jordan* and *Fleet*, the courts were in a position to find that the parties did not present sufficient evidence that the injury complained of concerned the use of their likeness rather than the subject matter protected by 17 U.S.C. §§ 102 and 103. *See Jules Jordan*, 617 F.3d at 1154 (rejecting argument, raised for first time on appeal, that publicity rights were infringed by use of actor's name and likeness on DVD covers when his face did

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

necessary to consider whether the rights asserted by Plaintiffs are equivalent to the rights contained in 17 U.S.C. § 106. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006).

To show the complete preemption of Plaintiffs' claims, Defendants must show that Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (citing *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). Because Defendants have failed to demonstrate that the subject matter asserted by the Complaint is "necessarily" equivalent to that protected by federal copyright law, they have failed to carry this burden. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (federal courts should remand cases "if there is any doubt as to the right of removal"). There are no other asserted bases for subject matter jurisdiction, and so the case must be remanded to the Superior Court. *See* 28 U.S.C. § 1447(c). Thus, Plaintiffs' Motion is GRANTED.[10]

        2.       <u>Defendants' Motion to Dismiss</u>

Once a court has determined that it is without jurisdiction, it must dismiss or remand the action, and may not rule on the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). To do so would be to issue a "hypothetical judgment," equivalent to an "advisory opinion," which federal courts are without jurisdiction to issue. *Id.* at 101. "[I]n determining whether [a] plaintiff states a claim under 12(b)(6), the court necessarily assesses the merits of plaintiff's case." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). Thus, Defendants' Motion is DENIED, as this Court is without jurisdiction to hear it.

        3.       <u>Plaintiffs' Request for Attorney's Fees</u>

28 U.S.C. § 1447(c) provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, attorney's fees shall not be awarded under this provision "when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). § 1447(c) does not indicate that fees "should either usually be granted or usually be denied." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 141). Thus, the award of fees under § 1447(c) is "left to the district court's discretion," but in exercising this discretion, courts should be mindful of Congress's purpose to "deter removals sought for the purpose of prolonging

---

not appear on DVD covers); *Fleet*, 50 Cal. App. 4th at 1921-22 (concluding that plaintiffs' claims were based on dramatic performances rather than use of likenesses).

[10] Because complete preemption and defensive preemption are distinct, the finding that Plaintiffs' claims are not completely preempted does not address whether they are not defensively preempted, which is an affirmative defense that can be raised following remand in the Superior Court proceedings. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669-70 (9th Cir. 1993) ("The jurisdictional issue of whether complete preemption exists— the issue addressed in this opinion—is very different from the substantive inquiry of whether a "preemption defense" may be established. . . . [Federal courts] have confidence in the ability and willingness of state courts to enforce federal defenses.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-07121 JAK (FFMx) | Date | January 5, 2015 |
| Title | Amber Coyle, et al. v. Michael O'Rourke, et al. | | |

litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 139-41. The Ninth Circuit has suggested that where there is a conflict within the relevant caselaw, and there is a "close question" as to the reasonableness of removal, the removing party has an "objectively reasonable basis for removal to federal court" for purposes of § 1447(c). *Gardner*, 508 F.3d 562-63.

Plaintiffs seek $11,830 in attorney's fees. Reply, Dkt. 29 at 12. They argue that fees should be awarded because no basis for removal appears on the face of their Complaint, and there is not complete preemption. Mot., Dkt. 17 at 17. They also provide as an Exhibit an email their counsel sent to Defendants' counsel on September 18, 2014. Dkt. 17, Ex. A. It stated that Plaintiffs believed there was no federal jurisdiction over their claims, and that if Defendants declined to stipulate to a remand of the matter, Plaintiffs would file a formal motion seeking this relief. *Id.* at 2. Plaintiffs state that counsel has billed 29.8 hours at $350 per hour "in meeting and conferring with counsel, and in researching and drafting the motion to remand and [the] reply brief," and expect to incur an additional $1,400 in attorney's fees for appearing at the hearing on the motion to remand for an anticipated four hours. *Id.*

An award of fees and costs here is not justified under the applicable standards. There are numerous cases, which are discussed above, in which courts have reached different conclusions as to the preemption issues that arise from the Copyright Act. Therefore, although the Court disagrees with Defendants' interpretation of these authorities as a whole, it cannot be said that Defendants lacked an objectively reasonable basis for removal. *Cf. Fucci v. Pac. Bell Tel. Co.*, 2001 WL 182377, at *10 (N.D. Cal. Feb. 5, 2001) (remanding case to California administrative appeals board, but denying an award of fees under § 1447(c) because "the subject of complete preemption is complex, and reasonable minds can differ on its proper application. Although the court does not agree with [Defendant's] position in this matter, its arguments are not without merit"). Nor have Plaintiffs demonstrated that "unusual circumstances" exist to justify the award of fees despite this reasonable basis. *See Gardner*, 508 F.3d at 561 ("while courts retain discretion to determine whether such unusual circumstances exist . . . a court's] reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447") (internal quotation marks omitted); *No Doubt v. Activision Publ'g, Inc.*, 702 F. Supp. 2d 1139, 1147 (C.D. Cal. 2010) (denying attorney's fees and costs because Defendant's removal on the basis of copyright preemption of a publicity claim "involved a relatively novel issue and was not plainly frivolous").

**IV.    Conclusion**

For the reasons stated in this Order, Defendants' Motion is DENIED. Plaintiffs' Motion is GRANTED. Plaintiffs' request for attorney's fees is DENIED. This action is REMANDED to the Los Angeles County Superior Court at its Santa Monica Courthouse.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | ak |